IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SALIX PHARMACEUTICALS, LTD., SALIX PHARMACEUTICALS, INC., BAUSCH HEALTH IRELAND LTD., and ALFASIGMA S.P.A., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| SUN PHARMACEUTICALS INDUSTRIES, LTD. | ) ) ) | |
| Defendant. | ) ) | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Salix Pharmaceuticals, Ltd. and Salix Pharmaceuticals, Inc. (collectively, "Salix"), Bausch Health Ireland Ltd., ("Bausch"), and Alfasigma S.p.A. ("Alfasigma") (collectively, "Plaintiffs") for their Complaint against Defendant Sun Pharmaceuticals Industries Ltd. ("Sun"), hereby allege as follows:

### THE PARTIES

1.      Plaintiff Salix Pharmaceuticals, Ltd. is a corporation organized and existing under the laws of Delaware having its principal place of business at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

2.      Plaintiff Salix Pharmaceuticals, Inc. is a corporation organized and existing under the laws of California having its principal place of business at 400 Somerset Blvd., Bridgewater, NJ 08807.

3.      Plaintiff Bausch is a company organized and existing under the laws of Ireland having an office at 3013 Lake Drive, Citywest Business Campus, Dublin 24, Ireland.

4.  Plaintiff Alfasigma is a corporation organized and existing under the laws of Italy having a principal place of business at Via Ragazzi del '99, 5 Bologna, Italy.

5.  On information and belief, Sun is a corporation organized and existing under the laws of India, having a place of business at Sun House, Plot No. 201 B/1, Western Express Highway, Goregaon (East), Mumbai, Maharashtra 400063, India.

6.  On information and belief, Sun is in the business of among other things, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of Delaware and throughout the United States.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

8.  This Court has personal jurisdiction over Sun by virtue of the fact that, *inter alia*, it has committed the tortious act of patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of Delaware, and throughout the United States.

9.  This Court also has personal jurisdiction over Sun by virtue of the fact that Sun has previously submitted to the jurisdiction of this Court and availed itself of this Court by filing actions and consenting to this Court's jurisdiction and asserting counterclaims in civil actions initiated in this jurisdiction.  *See*, *e.g.*, *Sun Pharmaceutical Industries Ltd. et al. v. Saptalis Pharmaceuticals, LLC*, C.A. No. 18-00648 (D. Del.); *Boehringer Ingelheim Pharmaceuticals Inc. et al. v. Sun Pharmaceutical Industries, Ltd. et al.*, C.A. No. 18-01765 (D. Del.); *Galderma Laboratories, LP et al. v. Sun Pharmaceutical Industries, Ltd. et al.*, C.A. No. 18-01588 (D. Del.); *Pfizer Inc. v. Sun Pharmaceutical Industries, Ltd. et al.*, C.A. No. 18-01529 (D. Del.),

*Novartis Pharmaceuticals Corporation v. Sun Pharmaceutical Industries, Ltd. et al.*, C.A. No. 18-01040 (D. Del.).

10.     This Court also has personal jurisdiction over Sun by virtue of the fact that it regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware, including by selling its pharmaceutical products in Delaware and, therefore, can reasonably expect to be subject to jurisdiction in the Delaware courts.  Among other things, on information and belief, Sun conducts marketing and sales activities in the State of Delaware, including, but not limited to, distribution, marketing, and sales of pharmaceutical products to Delaware residents that are continuous and systematic.

11.     In the alternative, this Court has jurisdiction over Sun under Federal Rule of Civil Procedure 4(k)(2)(A) because (i) Plaintiffs' claims arise under federal law; (ii) Sun is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (iii) Sun has sufficient contacts with the United States as a whole, including but not limited to preparing and submitting Abbreviated New Drug Application ("ANDA") No. 213042 to the United States Food and Drug Administration ("FDA") and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Sun satisfies due process.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## NATURE OF THE ACTION

13.     This is an action for infringement of United States Patent Nos. 7,045,620 (the "'620 patent"); 7,612,199 (the "'199 patent"); 7,902,206 (the "'206 patent"); 7,906,542 (the "'542 patent"); 8,158,644 (the "'644 patent"); 8,158,781 (the "'781 patent"); 8,835,452 (the

"'452 patent); 8,853,231 (the "'231 patent"); 7,915,275 (the "'275 patent"); 8,193,196 (the "'196 patent"); 8,518,949 (the "'949 patent"); 8,741,904 (the "'904 patent"); 9,271,968 (the "'968 patent"); and 7,928,115 (the "'115 patent") (collectively, the "Xifaxan® patents") under the Food and Drug Laws and the Patent Laws of the United States, Titles 21 and 35 of the United States code, respectively.  This action involves the 200 mg dosage form of Plaintiffs' drug product Xifaxan®, indicated for the treatment of travelers' diarrhea (TD) caused by noninvasive strains of *Escherichia coli* in adults and pediatric patients 12 years of age and older.  Xifaxan® is used with caution in patients with severe hepatic impairment.

### THE XIFAXAN® NDA

14.     Salix Pharmaceuticals, Inc. is the holder of approved New Drug Application ("NDA") No. 021361 for Xifaxan® (rifaximin) 200 mg tablets.

15.     The FDA approved NDA No. 021361 for Xifaxan® 200 mg tablets on May 25, 2004.

### THE PATENTS-IN-SUIT

16.     On May 16, 2006, the '620 patent, entitled "Polymorphous forms of rifaximin, processes for their production and use thereof in medicinal preparations," was duly and legally issued.  The '620 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '620 patent is attached hereto as Exhibit A.

17.     On November 3, 2009, the '199 patent, entitled "Polymorphic forms α, β, and γ of rifaximin," was duly and legally issued.  The '199 patent is assigned to and owned by Alfasigma. A true and correct copy of the '199 patent is attached hereto as Exhibit B.

18.     On March 8, 2011, the '206 patent, entitled "Polymorphic forms α, β and γ of rifaximin," was duly and legally issued.  The '206 patent is assigned to and owned by Alfasigma. A true and correct copy of the '206 patent is attached hereto as Exhibit C.

19.     On March 15, 2011, the '542 patent, entitled "Pharmaceutical compositions comprising polymorphic forms α, β, and γ of rifaximin," was duly and legally issued.  The '542 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '542 patent is attached hereto as Exhibit D.

20.     On April 17, 2012, the '644 patent, entitled "Pharmaceutical compositions comprising polymorphic forms α, β, and γ of rifaximin," was duly and legally issued.  The '644 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '644 patent is attached hereto as Exhibit E.

21.     On April 17, 2012, the '781 patent, entitled "Polymorphic forms α, β and γ of rifaximin," was duly and legally issued.  The '781 patent is assigned to and owned by Alfasigma. A true and correct copy of the '781 patent is attached hereto as Exhibit F.

22.     On September 16, 2014, the '452 patent, entitled "Polymorphic forms α, β and γ of rifaximin," was duly and legally issued.  The '452 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '452 patent is attached hereto as Exhibit G.

23.     On October 7, 2014, the '231 patent, entitled "Pharmaceutical compositions comprising polymorphic forms α, β, and γ of rifaximin," was duly and legally issued.  The '231 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '231 patent is attached hereto as Exhibit H.

24.     On March 29, 2011, the '275 patent, entitled "Use of polymorphic forms of rifaximin for medical preparations," was duly and legally issued.  The '275 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '275 patent is attached hereto as Exhibit I.

25.     On June 5, 2012, the '196 patent, entitled "Polymorphous forms of rifaximin, processes for their production and use thereof in the medicinal preparations," was duly and legally issued.  The '196 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '196 patent is attached hereto as Exhibit J.

26.     On August 27, 2013, the '949 patent, entitled "Polymorphous forms of rifaximin, processes for their production and use thereof in the medicinal preparations," was duly and legally issued.  The '949 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '949 patent is attached hereto as Exhibit K.

27.     On June 3, 2014, the '904 patent, entitled "Polymorphous forms of rifaximin, processes for their production and use thereof in the medicinal preparations," was duly and legally issued.  The '904 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '904 patent is attached hereto as Exhibit L.

28.     On March 1, 2016, the '968 patent, entitled "Polymorphous forms of rifaximin, processes for their production and use thereof in the medicinal preparations," was duly and legally issued.  The '968 patent is assigned to and owned by Alfasigma.  A true and correct copy of the '968 patent is attached hereto as Exhibit M.

29.     On April 19, 2011, the '115 patent, entitled "Methods of treating travelers diarrhea and hepatic encephalopathy," was duly and legally issued.  The '115 patent is assigned to and owned by Salix Pharmaceuticals, Ltd.  A true and correct copy of the '115 patent is attached hereto as Exhibit N.

30.     In accordance with 21 U.S.C. § 355(b)(1) and 21 C.F.R. § 314.53, the '620, '199, '206, '542, '644, '781, '452, '231, '196, '949, '904, '968, and '115 patents are listed in the

FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (also known as the "Orange Book") for Xifaxan® 200 mg tablets.

31. Pursuant to an agreement entered into between Bausch and Salix Pharmaceuticals, Ltd., Bausch has substantial rights in the '115 patent, including but not limited to, an exclusive license to the '115 patent in the United States, and the right to sue for infringement of the '115 patent in the United States.

32. Pursuant to agreements entered into between Bausch, Salix Pharmaceuticals, Inc. and Alfasigma, Bausch and Salix Pharmaceuticals, Inc. have substantial rights in the '620, '199, '206, '542, '644, '781, '452, '231, '275, '196, '949, '904, and '968 patents (collectively, the "Alfasigma patents"), including but not limited to, an exclusive license to the Alfasigma patents in the United States, and the right to sue for infringement of the Alfasigma patents in the United States.  Pursuant to these agreements, Salix Pharmaceuticals, Inc. is the sole distributor in the United States of Xifaxan® tablets.

## CLAIMS FOR RELIEF – PATENT INFRINGEMENT

33. By a letter dated March 11, 2019 (the "Sun Notice Letter"), Sun advised Plaintiffs that it had submitted ANDA No. 213042 to the FDA seeking approval to manufacture, use, or sell rifaximin 200 mg tablets ("Sun's Generic Product") prior to the expiration of the Xifaxan® patents.

34. On information and belief, Sun submitted ANDA No. 213042 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, and sale of Sun's Generic Product as a generic version of Xifaxan® 200 mg tablets.

35.     On information and belief, ANDA No. 213042 seeks FDA approval of Sun's Generic Product for the indication of treatment of travelers' diarrhea (TD) caused by noninvasive strains of *Escherichia coli* in adults and pediatric patients 12 years of age and older.

36.     The Sun Notice Letter also advised Plaintiffs that Sun's ANDA submission included certifications under 21 U.S.C. § 355(j)(2)(B)(iv)(II) that, in Sun's opinion, certain claims of the Xifaxan® patents are invalid, unenforceable and/or not infringed.

37.     The Sun Notice Letter does not allege non-infringement of certain claims of the '620, '199, '206, '542, '644, '781, '452, '231, and '968 patents.  By not identifying any defense to infringement of certain claims of the '620, '199, '206, '542, '644, '781, '452, '231, and '968 patents in the Sun Notice Letter, Sun admits Sun's Generic Product meets all limitations of those claims.

38.     The Sun Notice Letter does not allege invalidity or unenforceability of any claims of the '196, '949, and '904 patents. By not identifying any defense of invalidity and unenforceability of any claims of the '196, '949, and '904 patents in the Sun Notice Letter, Sun admits the claims of those patents are valid and enforceable.

39.     There is an actual, real, immediate, and justiciable controversy between Plaintiffs and Sun regarding the infringement, validity and/or enforceability of the Xifaxan® patents.

### COUNT I
### Infringement of the '620 Patent

40.     Plaintiffs incorporate each of the preceding paragraphs 1 to 39 as if fully set forth herein.

41.     By submitting ANDA No. 213042 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sun's Generic Product throughout the United States, including Delaware,

prior to expiration of the '620 patent, Sun committed an act of infringement of the '620 patent under 35 U.S.C. § 271(e)(2)(A).

42.     The '620 patent claims, *inter alia*, crystalline forms of rifaximin and processes for the production of crystalline forms of rifaximin.

43.     Sun's manufacture, use, sale, offer for sale, or importation into the United States of Sun's Generic Product prior to the expiration of the '620 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '620 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g).

44.     On information and belief, Sun was aware of the existence of the '620 patent and its listing in the Orange Book as demonstrated by Sun's reference to the '620 patent in the Sun Notice Letter.

45.     On information and belief, Sun's statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '620 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

46.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT II
### Infringement of the '199 Patent

47.     Plaintiffs incorporate each of the preceding paragraphs 1 to 46 as if fully set forth herein.

48.     By submitting ANDA No. 213042 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sun's Generic Product throughout the United States, including Delaware,

prior to expiration of the '199 patent, Sun committed an act of infringement of the '199 patent under 35 U.S.C. § 271(e)(2)(A).

49.     The '199 patent claims, *inter alia*, crystalline forms of rifaximin.

50.     Sun's manufacture, use, sale, offer for sale, or importation into the United States of Sun's Generic Product prior to the expiration of the '199 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '199 patent under 35 U.S.C. § 271(a).

51.     On information and belief, Sun was aware of the existence of the '199 patent and its listing in the Orange Book as demonstrated by Sun's reference to the '199 patent in the Sun Notice Letter.

52.     On information and belief, Sun's statement of the factual and legal bases for its opinions regarding invalidity the '199 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

53.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT III
### Infringement of the '206 Patent

54.     Plaintiffs incorporate each of the preceding paragraphs 1 to 53 as if fully set forth herein.

55.     By submitting ANDA No. 213042 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sun's Generic Product throughout the United States, including Delaware,

prior to expiration of the '206 patent, Sun committed an act of infringement of the '206 patent under 35 U.S.C. § 271(e)(2)(A).

56.     The '206 patent claims, *inter alia*, crystalline forms of rifaximin, crystalline forms of rifaximin prepared by specified processes and solid pharmaceutical compositions comprising crystalline forms of rifaximin.

57.     Sun's manufacture, use, sale, offer for sale, or importation into the United States of Sun's Generic Product prior to the expiration of the '206 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '206 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g).

58.     On information and belief, Sun was aware of the existence of the '206 patent and its listing in the Orange Book as demonstrated by Sun's reference to the '206 patent in the Sun Notice Letter.

59.     On information and belief, Sun's statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '206 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

60.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT IV
### Infringement of the '542 Patent

61.     Plaintiffs incorporate each of the preceding paragraphs 1 to 60 as if fully set forth herein.

62.     By submitting ANDA No. 213042 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale,

and/or importation of Sun's Generic Product throughout the United States, including Delaware, prior to expiration of the '542 patent, Sun committed an act of infringement of the '542 patent under 35 U.S.C. § 271(e)(2)(A).

63.     The '542 patent claims, *inter alia*, pharmaceutical compositions comprising crystalline forms of rifaximin.

64.     Sun's manufacture, use, sale, offer for sale, or importation into the United States of Sun's Generic Product prior to the expiration of the '542 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '542 patent under 35 U.S.C. § 271(a).

65.     On information and belief, Sun was aware of the existence of the '542 patent and its listing in the Orange Book as demonstrated by Sun's reference to the '542 patent in the Sun Notice Letter.

66.     On information and belief, Sun's statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '542 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

67.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

### COUNT V
### Infringement of the '644 Patent

68.     Plaintiffs incorporate each of the preceding paragraphs 1 to 67 as if fully set forth herein.

69.     By submitting ANDA No. 213042 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale,

and/or importation of Sun's Generic Product throughout the United States, including Delaware, prior to expiration of the '644 patent, Sun committed an act of infringement of the '644 patent under 35 U.S.C. § 271(e)(2)(A).

70.     The '644 patent claims, *inter alia*, solid pharmaceutical compositions comprising crystalline forms of rifaximin.

71.     Sun's manufacture, use, sale, offer for sale, or importation into the United States of Sun's Generic Product prior to the expiration of the '644 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '644 patent under 35 U.S.C. § 271(a).

72.     On information and belief, Sun was aware of the existence of the '644 patent and its listing in the Orange Book as demonstrated by Sun's reference to the '644 patent in the Sun Notice Letter.

73.     On information and belief, Sun's statement of the factual and legal bases for its opinions regarding invalidity of the '644 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

74.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT VI
### Infringement of the '781 Patent

75.     Plaintiffs incorporate each of the preceding paragraphs 1 to 74 as if fully set forth herein.

76.     By submitting ANDA No. 213042 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale,

and/or importation of Sun's Generic Product throughout the United States, including Delaware, prior to expiration of the '781 patent, Sun committed an act of infringement of the '781 patent under 35 U.S.C. § 271(e)(2)(A).

77.    The '781 patent claims, *inter alia*, crystalline forms of rifaximin.

78.    Sun's manufacture, use, sale, offer for sale, or importation into the United States of Sun's Generic Product prior to the expiration of the '781 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '781 patent under 35 U.S.C. § 271(a).

79.    On information and belief, Sun was aware of the existence of the '781 patent and its listing in the Orange Book as demonstrated by Sun's reference to the '781 patent in the Sun Notice Letter.

80.    On information and belief, Sun's statement of the factual and legal bases for its opinions regarding invalidity of the '781 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

81.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT VII
### Infringement of the '452 Patent

82.    Plaintiffs incorporate each of the preceding paragraphs 1 to 81 as if fully set forth herein.

83.    By submitting ANDA No. 213042 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sun's Generic Product throughout the United States, including Delaware,

prior to expiration of the '452 patent, Sun committed an act of infringement of the '452 patent under 35 U.S.C. § 271(e)(2)(A).

84.     The '452 patent claims, *inter alia*, crystalline forms of rifaximin and pharmaceutical compositions comprising crystalline forms of rifaximin.

85.     Sun's manufacture, use, sale, offer for sale, or importation into the United States of Sun's Generic Product prior to the expiration of the '452 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '452 patent under 35 U.S.C. § 271(a).

86.     On information and belief, Sun was aware of the existence of the '452 patent and its listing in the Orange Book as demonstrated by Sun's reference to the '452 patent in the Sun Notice Letter.

87.     On information and belief, Sun's statement of the factual and legal bases for its opinions regarding invalidity of the '452 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

88.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT VIII
### Infringement of the '231 Patent

89.     Plaintiffs incorporate each of the preceding paragraphs 1 to 88 as if fully set forth herein.

90.     By submitting ANDA No. 213042 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sun's Generic Product throughout the United States, including Delaware,

prior to expiration of the '231 patent, Sun committed an act of infringement of the '231 patent under 35 U.S.C. § 271(e)(2)(A).

91.     The '231 patent claims, *inter alia*, pharmaceutical compositions comprising crystalline forms of rifaximin.

92.     Sun's manufacture, use, sale, offer for sale, or importation into the United States of Sun's Generic Product prior to the expiration of the '231 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '231 patent under 35 U.S.C. § 271(a).

93.     On information and belief, Sun was aware of the existence of the '231 patent and its listing in the Orange Book as demonstrated by Sun's reference to the '231 patent in the Sun Notice Letter.

94.     On information and belief, Sun's statement of the factual and legal bases for its opinions regarding invalidity of the '231 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

95.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT IX
### Infringement of the '275 Patent

96.     Plaintiffs incorporate each of the proceeding paragraphs 1 to 95 as if fully set forth herein.

97.     By submitting ANDA No. 213042 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sun's Generic Product throughout the United States, including Delaware,

prior to expiration of the '275 patent, Sun committed an act of infringement of the '275 patent under 35 U.S.C. § 271(e)(2)(A).

98.     The '275 patent claims, *inter alia*, methods of treating bacterial infections in patients suffering from bowel related disorders with crystalline forms of rifaximin.

99.     Sun's manufacture, use, sale, offer for sale, or importation into the United States of Sun's Generic Product prior to the expiration of the '275 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '275 patent under 35 U.S.C. §§ 271(b) and/or (c).

100.    On information and belief, Sun's Generic Product, if approved by the FDA, will be prescribed and administered to human patients with travelers' diarrhea (TD) caused by noninvasive strains of *Escherichia coli* in adults and pediatric patients 12 years of age and older, which uses will constitute direct infringement of the claims of the '275 patent.

101.    On information and belief, these directly infringing uses will occur with Sun's specific intent and encouragement, and will be uses that Sun knows or should know will occur.

102.    On information and belief, Sun will actively induce, encourage, aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '275 patent.

103.    On information and belief, Sun knows or should know that Sun's Generic Product will be especially made or especially adapted for use in an infringement of the '275 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

104.    On information and belief, Sun knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of Sun's Generic Product prior to patent expiry will contribute to the direct infringement of one or more claims of the '275 patent.

105.    On information and belief, Sun's acts will be performed with knowledge of the '275 patent with intent to encourage infringement prior to patent expiry.   This case is exceptional.

106.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

### COUNT X
### Infringement of the '196 Patent

107.    Plaintiffs incorporate each of the preceding paragraphs 1 to 106 as if fully set forth herein.

108.    By submitting ANDA No. 213042 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sun's Generic Product throughout the United States, including Delaware, prior to expiration of the '196 patent, Sun committed an act of infringement of the '196 patent under 35 U.S.C. § 271(e)(2)(A).

109.    The '196 patent claims, *inter alia*, crystalline forms of rifaximin, solid pharmaceutical compositions comprising crystalline forms of rifaximin, methods of treating bacterial activity in the gastrointestinal tract of subjects with crystalline forms of rifaximin, and processes for the production of crystalline forms of rifaximin.

110.    Sun's manufacture, use, sale, offer for sale, or importation into the United States of Sun's Generic Product prior to the expiration of the '196 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '196 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g).

111.    On information and belief, Sun's Generic Product, if approved by the FDA, will be prescribed and administered to human patients with travelers' diarrhea (TD) caused by noninvasive strains of *Escherichia coli* in adults and pediatric patients 12 years of age and older, which uses will constitute direct infringement of claims of the '196 patent.

112.    On information and belief, these directly infringing uses will occur with Sun's specific intent and encouragement, and will be uses that Sun knows or should know will occur.

113.    On information and belief, Sun will actively induce, encourage, aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '196 patent.

114.    On information and belief, Sun knows or should know Sun's Generic Product will be especially made or especially adapted for use in an infringement of the '196 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

115.    On information and belief, Sun knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of Sun's Generic Product prior to patent expiry will contribute to the direct infringement of one or more claims of the '196 patent.

116.    On information and belief, Sun's acts will be performed with knowledge of the '196 patent and with intent to encourage infringement prior to patent expiry.

117.    On information and belief, Sun was aware of the existence of the '196 patent and its listing in the Orange Book as demonstrated by Sun's reference to the '196 patent in the Sun Notice Letter.

118.    On information and belief, Sun's statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '196 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

119.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT XI
### Infringement of the '949 Patent

120.    Plaintiffs incorporate each of the preceding paragraphs 1 to 119 as if fully set forth herein.

121.    By submitting ANDA No. 213042 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sun's Generic Product throughout the United States, including Delaware, prior to expiration of the '949 patent, Sun committed an act of infringement of the '949 patent under 35 U.S.C. § 271(e)(2)(A).

122.    The '949 patent claims, *inter alia*, solid pharmaceutical compositions comprising crystalline forms of rifaximin and crystalline forms of rifaximin prepared by specified processes.

123.    Sun's manufacture, use, sale, offer for sale, or importation into the United States of Sun's Generic Product prior to the expiration of the '949 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '949 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g).

124.    On information and belief, Sun was aware of the existence of the '949 patent and its listing in the Orange Book as demonstrated by Sun's reference to the '949 patent in the Sun Notice Letter.

125.    On information and belief, Sun's statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '949 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

126.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

### COUNT XII
### Infringement of the '904 Patent

127.     Plaintiffs incorporate each of the preceding paragraphs 1 to 126 as if fully set forth herein.

128.     By submitting ANDA No. 213042 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sun's Generic Product throughout the United States, including Delaware, prior to expiration of the '904 patent, Sun committed an act of infringement of the '904 patent under 35 U.S.C. § 271(e)(2)(A).

129.     The '904 patent claims, *inter alia*, crystalline forms of rifaximin, methods of treating bacterial activity in the gastrointestinal tract of subjects with crystalline forms of rifaximin and medicinal preparations comprising crystalline forms of rifaximin.

130.     Sun's manufacture, use, sale, offer for sale, or importation into the United States of Sun's Generic Product prior to the expiration of the '904 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '904 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

131.     On information and belief, Sun's Generic Product, if approved by the FDA, will be prescribed and administered to human patients with travelers' diarrhea (TD) caused by noninvasive strains of *Escherichia coli* in adults and pediatric patients 12 years of age and older, which uses will constitute direct infringement of claims of the '904 patent.

132.    On information and belief, these directly infringing uses will occur with Sun's specific intent and encouragement, and will be uses that Sun knows or should know will occur.

133.    On information and belief, Sun will actively induce, encourage, aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '904 patent.

134.    On information and belief, Sun knows or should know Sun's Generic Product will be especially made or especially adapted for use in an infringement of the '904 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

135.    On information and belief, Sun knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of Sun's Generic Product prior to patent expiry will contribute to the direct infringement of one or more claims of the '904 patent.

136.    On information and belief, Sun's acts will be performed with knowledge of the '904 patent and with intent to encourage infringement prior to patent expiry.

137.    On information and belief, Sun was aware of the existence of the '904 patent and its listing in the Orange Book as demonstrated by Sun's reference to the '904 patent in the Sun Notice Letter.

138.    On information and belief, Sun's statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '904 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

139.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT XIII
### Infringement of the '968 Patent

140.    Plaintiffs incorporate each of the preceding paragraphs 1 to 139 as if fully set forth herein.

141.    By submitting ANDA No. 213042 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sun's Generic Product throughout the United States, including Delaware, prior to expiration of the '968 patent, Sun committed an act of infringement of the '968 patent under 35 U.S.C. § 271(e)(2)(A).

142.    The '968 patent claims, *inter alia*, pharmaceutical compositions comprising crystalline forms of rifaximin.

143.    Sun's manufacture, use, sale, offer for sale, or importation into the United States of Sun's Generic Product prior to the expiration of the '968 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '968 patent under 35 U.S.C. § 271(a).

144.    On information and belief, Sun was aware of the existence of the '968 patent and its listing in the Orange Book as demonstrated by Sun's reference to the '968 patent in the Sun Notice Letter.

145.    On information and belief, Sun's statement of the factual and legal bases for its opinions regarding non-infringement and invalidity of the '968 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

146.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT XIV
## Infringement of the '115 Patent

147.     Plaintiffs incorporate each of the preceding paragraphs 1 to 146 as if fully set forth herein.

148.     By submitting ANDA No. 213042 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sun's Generic Product throughout the United States, including Delaware, prior to expiration of the '115 patent, Sun committed an act of infringement of the '115 patent under 35 U.S.C. § 271(e)(2)(A).

149.     The '115 patent claims, *inter alia*, methods of treating travelers' diarrhea in subjects with hepatic insufficiency.

150.     Sun's manufacture, use, sale, offer for sale, or importation into the United States of Sun's Generic Product prior to the expiration of the '115 patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '115 patent under 35 U.S.C. §§ 271(b) and/or (c).

151.     On information and belief, Sun's Generic Product, if approved by the FDA, will be prescribed and administered to human patients with travelers' diarrhea (TD) caused by noninvasive strains of *Escherichia coli* in adults and pediatric patients 12 years of age and older, and will be used with caution in patients determined to have severe hepatic impairment, which uses will constitute direct infringement of claims of the '115 patent.

152.     On information and belief, these directly infringing uses will occur with Sun's specific intent and encouragement, and will be uses that Sun knows or should know will occur.

153.    On information and belief, Sun will actively induce, encourage, aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '115 patent.

154.    On information and belief, Sun knows or should know Sun's Generic Product will be especially made or especially adapted for use in an infringement of the '115 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

155.    On information and belief, Sun knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of Sun's Generic Product prior to patent expiry will contribute to the direct infringement of one or more claims of the '115 patent.

156.    On information and belief, Sun's acts will be performed with knowledge of the '115 patent and with intent to encourage infringement prior to patent expiry.

157.    On information and belief, Sun was aware of the existence of the '115 patent and its listing in the Orange Book as demonstrated by Sun's reference to the '115 patent in the Sun Notice Letter.

158.    On information and belief, Sun's statement of the factual and legal bases for its opinions regarding non-infringement of the '115 patent set forth in the Sun Notice Letter is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional.

159.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A.    A judgment that Sun has infringed one or more claims of United States Patent Nos. 7,045,620; 7,612,199; 7,902,206; 7,906,542; 8,158,644; 8,158,781; 8,835,452; 8,853,231;

7,915,275; 8,193,196; 8,518,949; 8,741,904; 9,271,968; and 7,928,115 by submitting ANDA No. 213042 seeking FDA approval for the commercial manufacture, use, offer for sale, sale, and/or importation of Sun's Generic Product before the expiration of the Xifaxan® patents under 35 U.S.C. § 271(e)(2)(A);

B.      A judgment that Sun's commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Sun's Generic Product will infringe one or more claims of United States Patent Nos. 7,045,620; 7,612,199; 7,902,206; 7,906,542; 8,158,644; 8,158,781; 8,835,452; 8,853,231; 7,915,275; 8,193,196; 8,518,949; 8,741,904; 9,271,968; and 7,928,115 under 35 U.S.C. §§ 271(a), (b), (c) and/or (g);

C.      A judgment that United States Patent Nos. 7,045,620; 7,612,199; 7,902,206; 7,906,542; 8,158,644; 8,158,781; 8,835,452; 8,853,231; 7,915,275; 8,193,196; 8,518,949; 8,741,904; 9,271,968; and 7,928,115 remain valid and enforceable;

D.      A permanent injunction under 35 U.S.C. §§ 271(e)(4)(B) and/or 283 restraining and enjoining Sun, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from engaging in the commercial manufacture, use, offer for sale, sale in, and/or importation into the United States of Sun's Generic Product prior to the expiration date of United States Patent Nos. 7,045,620; 7,612,199; 7,902,206; 7,906,542; 8,158,644; 8,158,781; 8,835,452; 8,853,231; 7,915,275; 8,193,196; 8,518,949; 8,741,904; 9,271,968; and 7,928,115, inclusive of any exclusivities and extensions;

E.      An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 213042 under Section 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall be a date that is not earlier than the expiration date of United States Patent Nos. 7,045,620; 7,612,199; 7,902,206; 7,906,542; 8,158,644; 8,158,781; 8,835,452;

8,853,231; 7,915,275; 8,193,196; 8,518,949; 8,741,904; 9,271,968; and 7,928,115, inclusive of any exclusivities and extensions;

      F.     A declaration that this case is "exceptional" under 35 U.S.C. § 285 and an award of attorneys' fees;

      G.     Costs and expenses in this action; and

      H.     Such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
*Attorneys for Plaintiffs*

OF COUNSEL:

Scott K. Reed
Steven C. Kline
Shannon K. Clark
VENABLE LLP
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2100

April 24, 2019